**UNITED STATES of America,**
**Appellee,**

v.

**Alfred J. CONFORTI, Appellant.**

**No. 378, Docket 30336.**

United States Court of Appeals
Second Circuit.

Argued May 5, 1966.

Decided May 13, 1966.

Thomas H. Baer, Asst. U. S. Atty., New York City (Robert M. Morgenthau, U. S. Atty. for Southern Dist. of New York, and John S. Martin, Jr., Asst. U. S. Atty., New York City, on the brief), for appellee.

Robert S. Kreindler, New York City, for appellant.

Before LUMBARD, Chief Judge, and MOORE and FRIENDLY, Circuit Judges.

PER CURIAM:

After a trial before Judge MacMahon, without a jury, Alfred Conforti was found guilty on twenty counts of having forged copies of certain Federal Housing Administration (F. H. A.) documents in violation of 18 U. S. C. § 493. The court sentenced him to concurrent sentences of one year and one day on each count, but suspended sentence and placed him on probation for six months on condition that the defendant, then a practicing attorney, resign from the Bar and try to make restitution. We find no error and we affirm the conviction.

In 1957, Conforti was an officer of Conferglo Investing Corporation, a mortgage company which took mortgages from homeowners and subsequently resold them to long-term investors, usually savings banks. Whenever the homeowners were eligible, these mortgages were insured by the F. H. A., which would issue a "commitment for insurance" to Conferglo.

Conferglo financed its operations by borrowing from the Chase Manhattan Bank, which would advance funds upon receipt of a note and the mortgage documents, including the F. H. A. commitment. The loans were to be repaid when the mortgages were sold by Conferglo to the long-term investors.

Finding himself in financial straits, Conforti caused a stationer to print a thousand counterfeit F. H. A. commitment forms for him. Then, Conforti prepared and delivered ten false mortgage documents, including photocopies of false F. H. A. commitments to the Chase Manhattan Bank, for which he received advances of $148,799. The forms submitted to the Chase had only a typed signature, but Chase was in the habit of acting on a copy, knowing that the F. H. A. issued copies only when a commitment had been made and that the signed original was being kept for the savings bank.

On this appeal, Conforti argues that the presentation and delivery of the false documents to the bank was not a forgery, in violation of 18 U. S. C. § 493, since the counterfeit commitments could not have bound the F. H. A. and therefore, the indictment should have been dismissed.[1] We think the conceded facts clearly establish that Conforti violated the statute which condemns "Whoever falsely makes, forges, counterfeits or alters any * * * writing in imitation or purporting to be in imitation of * * [an] obligation, instrument or writing, issued by the * * * Federal Housing Administration."

Affirmed.

---

1. Conforti also claims that counts eleven through twenty of the indictment were fatally defective in that they did not charge him with uttering forged documents "knowing the same to have been falsely made." Inasmuch as the sentences imposed on these counts were made concurrent with the sentences imposed on counts one through ten, which we find to be validly imposed, we need not pass on this part of appellant's claim. Lawn v. United States, 355 U.S. 339, 78 S.Ct. 311, 2 L.Ed.2d 321 (1958).